UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRIGORIAN VARDAN, | : | **CIVIL NO. 1:11-CV-00039** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Smyser) |
| CRAIG A. LOWE, *et al.*, | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

I. Background and Procedural History.

On January 6, 2011, the petitioner filed a petition for a writ of habeas corpus. The petitioner is an alien in the custody of the United States Immigration and Customs Enforcement (ICE). He is challenging his continued detention by ICE.

On January 31, 2011, the respondents filed a response to the petition. The petitioner filed a reply on February 11, 2011.

II. Proper Respondent.

The petition names as respondents: Craig A. Lowe, the Warden of the Pike County Correctional Facility; Thomas R. Decker, ICE's Philadelphia Field Office Director for Detention and Removal; John Morton, the Assistant Secretary of ICE; Janet Napolitano, Secretary of the Department of Homeland Security; and Eric Holder, the United States Attorney General.

Pursuant to 28 U.S.C. § 2243, the writ of habeas corpus, or order to show cause, shall be directed to the petitioner's custodian. It is the warden of the prison where the petitioner is held who is considered the custodian for purposes of a habeas action. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

The petitioner is incarcerated at the Pike County Correctional Facility. Accordingly, the proper respondent is Craig A. Lowe, the Warden of the Pike County Correctional Facility. Thomas Decker, John Morton, Janet Napolitano and

Eric Holder are not the petitioner's custodians. Accordingly, it will be recommended that Decker, Morton, Napolitano and Holder be dismissed as respondents.

III. Material Facts.

The following facts do not appear to be in dispute for purposes of this case.

The petitioner is a native of Armenia. *Doc. 1* at 3 and *Doc. 8-1* at 6. He was admitted to the United States in 1992 as a non-immigrant visitor with authorization to remain in the United States for a temporary period not to exceed June 25, 1993. *Id.* The petitioner stayed in the United States beyond June 25, 1993 without authorization. *Id.*

By a Notice to Appear dated July 7, 2003, the petitioner was charged with being subject to removal from the United States pursuant to 8 U.S.C. § 1227(a)(1)(B). *Doc. 8-1* at 6. After being briefly detained, the petitioner was released on bond pursuant to 8 U.S.C. § 1226(a). *Doc. 8-1* at 11, ¶3.

The petitioner conceded removability before the Immigration Judge but filed applications for asylum, withholding of removal and relief under Article III of the Convention Against Torture. *Grigorian v. Morton,* Civil Action No. 10-3441, 2010 WL 2902537 at *1 (E.D.Pa. July 23, 2010). On April 14, 2004, the Immigration judge denied the petitioner's applications and ordered the petitioner to voluntarily depart the United States within 60 days. *Doc. 8-1* at 12, ¶7. The petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals (BIA). *Id.* On June 28, 2005, the BIA affirmed the Immigration Judge's decision and again gave the petitioner 60 days to voluntarily depart the United States. *Id.* The petitioner did not voluntarily depart the United States. *Doc. 1* at 3.

The petitioner filed a number of motions to reopen his immigration proceedings. *Doc. 8-1* at 12, ¶8. The BIA denied the first two such motions on September 30, 2005 and February 8, 2006. *Id.* The petitioner filed a petition for review of the BIA's 2006 denial of his motion to reopen with the United

4

States Court of Appeals for the Ninth Circuit. *Id.* On March 10, 2008, the Ninth Circuit concluded that it lacks jurisdiction to review the BIA's decision not to reopen proceedings and dismissed the petition for review. *Grigorian v. Mukasey,* 269 Fed. Appx. 671 (9th Cir. 2008).

The petitioner was taken into ICE custody on April 8, 2010. *Doc. 8-1* at 11, ¶4. ICE attempted to remove the petitioner from the United States on June 17, 2010. *Id.* The petitioner, accompanied by ICE agents, was placed on a plane. *See Doc. 8-1* at 23-24. The ICE agents contend that the petitioner made a scene and that the Captain of the plane refused to allow the petitioner to remain on the plane. *Id*. The petitioner disputes that he made a scene, but he does not dispute that as a result of his conversation with the Captain of the plane he was not allowed to remain on the plane. *See Doc. 9* at 6.

On June 25, 2010, the petitioner filed a third motion to reopen with the BIA. *Doc. 8-1* at 12, ¶9. The BIA dismissed that motion on August 27, 2010. *Id.* The petitioner filed a

5

petition for review of that decision with the United States Court of Appeals of the Ninth Circuit. *Id.* at ¶10. The filing of that petition acted as a temporary automatic stay of the petitioner's removal. *Id.* However, on January 10, 2011, the Ninth Circuit denied the petitioner's motion for a stay of removal and set a briefing schedule with respect to the petition for review. *Grigorian v. Holder,* No. 10-72757 (9th Cir. Jan. 10, 2011)(docket entry 7 (available through PACER)).

In the meantime, while his third motion to reopen was pending before the BIA, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania. *Grigorian v. Morton,* Civil Action No. 10-3441, 2010 WL 2902537 at *1 (E.D.Pa. July 23, 2010). That petition was subsequently transferred to the United States District Court for the Middle District of Pennsylvania. *Id.* at *3. By a Memorandum and Order dated September 7, 2010, Judge Munley dismissed that petition. *Grigorian v. Morton,* No. 3:10-CV-1540, 2010 WL 3528857 at *6 (M.D.Pa. Sept. 7, 2010). Judge Munley, however, directed ICE to treat the habeas petition as a request

6

for release from detention under 8 C.F.R. § 241.4 and § 241.13 and to provide the petitioner with a response to his request within thirty days. *Id.*

By a letter dated October 6, 2010, ICE informed the petitioner that his custody status has been reviewed and that it has been determined that the petitioner will not be released from custody. *Doc. 1-2* at 2-3. ICE determined that based on the petitioner's record of arrests and convictions he would pose a threat to society if released from custody. *Id.* ICE also determined that, since that petitioner has had a final order of removal for over five years and has failed to depart the United States, it is not clearly evident that the petitioner would appear for removal as required. *Id.* ICE further stated that it is in possession of a valid travel document for the petitioner's removal and that the petitioner will remain in custody pending disposition of the stay of removal. *Id.*

IV. Discussion.

The petitioner claims that his continued detention is not authorized by the Immigration and Nationality Act and violates his right to due process.[1]

8 U.S.C. § 1231(a) governs detention of aliens ordered removed. Pursuant to 8 U.S.C. § 1231(a), generally an alien shall be removed during the ninety day removal period. 8 U.S.C. § 1231(a)(1)(A) provides:

> (A) In general. Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

8 U.S.C. § 1231(a)(1)(B) provides that the removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.

---

1. In addition to challenging his detention, the petitioner is challenging his removal order and the denial of his motions to reopen by claiming that he was wrongly denied asylum. Pursuant to 8 U.S.C. § 1252(a)(5) (as amended by the Real ID Act of 2005, Pub.L. 109-13, 119 Stat. 231), this court does not have jurisdiction to review the petitioner's removal order or the order denying his motion to reopen.

8

>             (ii) If the removal order is judicially
>             reviewed and if a court orders a stay of the
>             removal of the alien, the date of the court's
>             final order.
>             (iii) If the alien is detained or confined
>             (except under an immigration process), the date
>             the alien is released from detention or
>             confinement.

8 U.S.C. § 1231(a)(1)(C) provides that the removal period shall be extended if the alien *inter alia* acts to prevent his removal. 8 U.S.C. § 1231(a)(2) concerns detention during the removal period and provides that "[d]uring the removal period, the Attorney General shall detain the alien."

8 U.S.C. § 1231(a)(3) provides that "[I]f the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." However, 8 U.S.C. § 1231(a)(6) provides that certain aliens who are deportable by reason of having committed certain criminal offenses and aliens determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal may continue to be detained beyond the removal period.

9

In *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001), in order to avoid reading the statute in a manner that raised serious constitutional concerns, the Court construed the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6), to contain an implicit "reasonable time" limitation. The Court concluded that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute. *Id.* at 699. The Court read the statute to limit a resident alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. *Id.* The Court further adopted a presumption that detention for up to six months is reasonable. *Id.* at 701. After that six month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, ICE must respond with evidence sufficient to rebut that showing or release the alien subject to terms of supervision. *Id.* "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* The Court cautioned, however, that the six-month presumption does not

10

mean that every alien not removed must be released after six months. *Id.* "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

The petitioner has been in the custody of ICE for a lengthy period of time - since April 8, 2010. Although precisely what happened on the plane on June 17, 2010 is in dispute, it is clear that the petitioner acted to prevent his removal on that date. Further, it was not until January 10, 2011 that the stay from the Ninth Circuit was lifted. Since the petitioner acted to prevent his earlier removal and since the subsequent stay of removal was only lifted on January 10, 2011, the removal period started again on January 10, 2011. Thus, the petitioner is currently being detained during the 90-day removal period. There is no basis in the record to conclude that ICE will not remove the petitioner during the remainder of the removal period or within the six months presumed by the Court in *Zadvydas* to be reasonable.

11

We will recommend that the petition for a writ of habeas corpus be denied. However, it will be recommended that the petition be denied without prejudice to the right of the petitioner to file another petition for a writ of habeas corpus if, after the six-month presumptively reasonable detention period set forth in *Zadvydas* has expired, the petitioner has not been removed from the United States or released from custody and there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

V. Recommendations.

It is recommended that Thomas Decker, John Morton, Janet Napolitano and Eric Holder be dismissed as respondents. It is further recommended that the petition be denied without prejudice and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: February 24, 2011.